NH Fireworks v. NH DOS                    CV-03-281-M    09/12/03

UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


New Hampshire Fireworks, Inc.,
      Plaintiff

      v.                                      Civil No. 03-281-M
                                              Opinion No. 2003 DNH 156
Commissioner, New Hampshire
Department of Safety,
      Defendant


                        **O R D E R**


      New Hampshire Fireworks, Inc. ("NHF") brings this action

seeking declaratory and injunctive relief against the

Commissioner of the New Hampshire Department of Safety.

Specifically, NHF asserts that New Hampshire's statutory and

regulatory scheme governing the sale of fireworks (as interpreted

and enforced by the Commissioner) imposes an unconstitutional

burden on its ability to engage in interstate commerce.



                        **Background**

      NHF is licensed by the State of New Hampshire to sell

"consumer fireworks," as that phrase is defined by state law.

See N.H. Rev. Stat. Ann. ("RSA") ch. 160-B.  That statute

empowers the Commissioner to enforce its provisions.  See RSA

160-B:8 and 14.  Pursuant to its license, NHF was authorized to engage in the "wholesale" sale of certain fireworks to non-residents, subject to a minimum purchase of $1000.  It was not, however, permitted to make sales of any sort to residents of New Hampshire unless those residents had appropriate licenses from the State.

On June 25, 2003, following an investigation into NHF's sales practices, the Commissioner suspended NHF's license to sell fireworks.  On June 26th, NHF petitioned the New Hampshire Superior Court for a temporary restraining order compelling the Commissioner to reinstate its license (with the approaching Fourth of July celebration, NHF was concerned that it might lose substantial sales if its license was not immediately reinstated). That request was denied the same day.  The following day, NHF petitioned this court for identical relief.  That request, too, was denied.

On July 2nd and 3rd, an administrative hearing was held, following which the hearing examiner issued a written decision in which he concluded that NHF had violated various provisions of

2

RSA ch. 160-B. Accordingly, he held that the Commissioner's decision to suspend NHF's license to sell fireworks was warranted. He then scheduled a hearing, to be convened on August 4, 2003, at which an appropriate penalty would be considered. Finally, the hearing examiner notified NHF of its right, pursuant to RSA 160-B:13, to appeal his decision to the state supreme court. It is unclear from the record what, if any, penalty has been imposed on NHF for its statutory violations. As of September 10, 2003, however, NHF had not yet appealed the Commissioner's decision to the state supreme court.[1]

In response to this court's order to show cause why it should not abstain from ruling on NHF's petition for equitable relief, NHF filed a legal memorandum. Since NHF has not (yet) appealed the hearing examiner's order to the state supreme court, there is not presently pending any active state court (or administrative) proceeding related to the suspension of its license. Accordingly, NHF asserts that federal abstention

---

[1] Based upon NHF's submissions to this court, it appears that it has purposefully delayed filing any motion to reconsider and/or an appeal of the Commissioner's adverse decision, in an effort to avoid the application of federal abstention doctrine(s).

principles are inapplicable and this court must exercise subject matter jurisdiction over its claim that the state statutory scheme, at least as applied to NHF, is unconstitutional. Although the Commissioner was afforded the opportunity to file a responsive memorandum on the issue of abstention, he has (apparently) chosen not to do so.

## Discussion

I.   The State Statutory and Regulatory Scheme.

Under New Hampshire's statutory and regulatory scheme governing the sale of fireworks, NHF has the right to either: (1) move the Commissioner to reconsider the decision to suspend its license, RSA 541:3 ("Within 30 days after any order or decision has been made by the commission, any party to the action . . . may apply for a rehearing in respect to any matter determined in the action . . . ."); or (2) appeal the adverse decision of the Commissioner directly to the state supreme court, RSA 160-B:13 ("Any person aggrieved by a decision of the commissioner pursuant to this chapter may appeal pursuant to RSA 541."). See also RSA 541:6 ("Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty

4

days after the decision on such rehearing, the applicant may appeal by petition to the supreme court."). And, of course, should NHF appeal the adverse decision of the Commissioner to the state supreme court, it could, among other things, raise the constitutional issues it seeks to advance in this forum.

As noted above, it appears that NHF has yet to appeal the Commissioner's decision to the supreme court. NHF has, however, represented to the court that the time during which it may file an appeal of the Commissioner's decision will not lapse until "mid-to late September," depending upon the timing of certain intervening events. Plaintiff's memorandum at 5-6 n.2. See also Correspondence from NHF's counsel to the court, dated September 10, 2003 (representing that "a ruling from the New Hampshire Department of Safety on August 18 [presumably resolving the penalty phase of the administrative process] must be appealed to the State Supreme Court, if at all, by September 17"). Consequently, NHF has not yet forfeited the ability to file a timely appeal with the state supreme court.

II.  Federal Abstention.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that, barring exceptional circumstances, federal courts should not enjoin pending state criminal proceedings.  In subsequent opinions, the Court concluded that the principles articulated in Younger also apply in the civil context as well.  See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986) ("We have since recognized that our concern for comity and federalism is equally applicable to certain other pending state proceedings.").  See generally Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637-38 (1st Cir. 1996) ("Doctrinal evolution over the next quarter-century brought other types of ongoing state proceedings, including civil actions and administrative adjudications, within the ambit of Younger abstention.").  In its opinions issued in the wake of Younger, the Court concluded that abstention was appropriate in the civil context because, among other things, "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (emphasis in original).

The Court has also made clear that principles of federal abstention, as articulated in Younger and its progeny, may properly be applied "to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." Dayton, 477 U.S. at 627. See also Middlesex, 457 U.S. at 433-34 (holding that abstention principles may be applied to state administrative proceedings when those proceedings are "judicial in nature," important state interests are implicated, and the federal plaintiff has an adequate opportunity to present the federal challenge).

The question presented, then, is whether those three factors - an important state interest in the subject matter of the administrative process, proceedings that are "judicial in nature," and NHF's ability to vindicate its federally protected rights either in the administrative context or on appeal to the state court's - are present in this case. They are.

First, it is beyond reasonable debate that the State of New Hampshire has a sufficiently important interest in regulating the sale of fireworks to "bring the present case within the ambit" of federal abstention principles. <u>Dayton</u>, 477 U.S. at 628. It is also plain that the proceedings before the Commissioner are of a sort that may properly be viewed as being "judicial in nature." See <u>Prentis v. Atlantic Coast Line Co.</u>, 211 U.S. 210, 226 (1908) ("A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power."). <u>See generally</u> Code of N.H. Rules, pt. Saf-C 2607 (pertaining to the Commissioner's authority to investigate alleged violations of the statutory and regulatory scheme governing the sale of fireworks and the penalties that may be imposed upon a finding that a violation has occurred).[2]

_____

[2] The administrative hearing conducted in this case was undeniably "judicial in nature." NHF was represented at the hearing by legal counsel. The hearing itself took place over two days, the witnesses against NHF were present and testified, both the State and NHF were permitted to submit several pleadings and introduce numerous exhibits, NHF was permitted to (and did) call

8

And, finally, should it elect to appeal the Commissioner's decision to the state supreme court, NHF can, as noted above, raise the constitutional challenges it seeks to advance in this forum.  See Dayton, 477 U.S. at 629 ("[I]t is sufficient under Middlesex, supra, . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding.").  Consequently, each of the factors identified in Dayton, supra and Middlesex, supra, is present in this case and federal abstention is warranted.

## Conclusion

For the foregoing reasons, the court concludes that, pursuant to Younger and its progeny, it is appropriate to abstain from adjudicating NHF's petition for declaratory and injunctive relief.  That petition (document no. 1) is, therefore, dismissed.

---

witnesses on its own behalf, and the hearing examiner notified NHF of his decision in a lengthy written opinion.  In that opinion, the hearing examiner described the charges against NSF, identified the governing statutory and regulatory provisions, discussed the evidence presented at the hearing (by both the State and NSF), and made specific findings of fact in support of his ultimate determination that the Commissioner was justified in suspending NHF's license.

9

The Clerk of Court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 12, 2003

cc:  Frank P. Spinella, Jr., Esq.
     New Hampshire Attorney General
        (Assistant Attorney General Mary P. Castelli, Esq.)